NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISSAC EFREN JIMENEZ, | No. 21-56224 |
| Petitioner-Appellant, | D.C. No. 2:20-cv-09662-AB-MAR |
| v. | |
| SEAN MOORE, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted December 5, 2022
Pasadena, California

Before: M. SMITH, COLLINS, and LEE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Petitioner Isaac Jimenez appeals from the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging the admission of expert testimony by Detective Ben Ahrens. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

1. To the extent that Petitioner contends that the Confrontation Clause was violated in connection with Ahrens' testimony that Jimenez was a participant in the Eastside Krazies and had committed murder in furtherance of the gang's activities, the California Court of Appeal's ruling that any error was harmless was not objectively unreasonable. When a state court's harmless-error ruling is reviewed under AEDPA, "a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable." *Davis v. Ayala,* 576 U.S. 257, 269 (2015). "Unreasonable" means "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks and citation omitted).

When the state court in this case concluded that any error in admitting Detective Ahrens's testimony was harmless, it noted that there was "ample independent evidence that Jimenez was an active participant in the Eastside Krazies and that the crime was carried out to further the gang's activities." That independent evidence includes testimony, which is not challenged on Confrontation Clause grounds, from Eastside Krazies members David and Daniel

Ybarra, who stated that Petitioner attended the gang's gatherings, used narcotics with them, and sold narcotics to them. The Ybarras also testified that Petitioner frequently acted as the gang's driver and checked for unlocked vehicles with them. David Ybarra testified that Petitioner wanted to be a full-fledged member of the Krazies, and Petitioner's co-defendant Castro stated that the murder Petitioner was found guilty of committing would protect the Krazies from a perceived threat. In addition, Ahrens's opinion relied on other permissible material, such as the gang's internal "roll call roster" which included Jimenez's name, his alias, and his affiliation. *See Lucero v. Holland*, 902 F.3d 979, 990 (9th Cir. 2018) (finding that memo made "exclusively [for] internal gang communications" was not testimonial). His experience having spoken to "more than a few hundred" gang members and associates, his training, and his personal investigation of Eastside Krazies crimes, allowed Ahrens to provide the jury with information probative of Petitioner's status as a gang participant. And Ahrens testified, based on his expertise, that a murder like the one in this case would enhance the reputation of a gang, and assist someone like Jimenez in officially becoming a member of the gang.

Given the extent of the independent evidence in the record supporting Petitioner's convictions on these points, it cannot be said that the state court's harmless-error conclusion was "objectively unreasonable" under AEDPA. And,

for the same reasons, any error did not have a "substantial and injurious effect" on the outcome.  *See United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2002) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

2. To the extent that Petitioner contends that the Confrontation Clause was violated in connection with Ahrens' testimony concerning the predicate offenses used to establish a "pattern of criminal activity" under California Penal Code § 186.22(b), there is no basis for reversal here.  Such a pattern may be shown by "*conviction* of two or more" specified predicate offenses, *see* Cal. Penal Code § 186.22(e) (2013 ed.) (emphasis added), and we have held that the introduction of certifications of official court records of prior convictions does not violate the Confrontation Clause.  *See United States v. Weiland*, 420 F.3d 1062, 1076–77 (9th Cir. 2005).

**AFFIRMED.**